IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Acacia Media Technologies Corp. | NO. C 05-01114 JW<br>NO. M 05-01665 JW<br><br>**AMENDED[1] ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Acacia Media Technologies Corporation ("Acacia") brings this Multidistrict Litigation, asserting infringement of a family of patents issued to Paul Yurt, all based on the same specification and all entitled "Audio and Video Transmission and Receiving Systems." Acacia filed multiple patent infringement lawsuits against a large number of Defendants. After dismissing some of those lawsuits and voluntarily dismissing others, Acacia is now prosecuting patent infringement claims against two groups of Defendants: Echostar Satellite LLC, Echostar Technologies Corp., and the

---

[1] On September 25, 2009, the Court issued its original Order Granting Defendants' Motions for Summary Judgment. (Docket Item No. 350.) On October 9, 2009, Plaintiff moved to amend the Court's September 25 Order to correct the Court's record of claims remaining in the case. (Docket Item No. 352.) Plaintiff's Motion is unopposed. (Id.) Upon consideration, the Court finds good cause to amend its September 25 Order and hereby amends accordingly.

DirectTV Group, Inc. (the "Satellite" Defendants)[2] and Time Warner Cable, Inc. and CSC Holdings, Inc. (the "Round 3" Defendants).[3]

Defendants contend that each asserted claim is invalid under 35 U.S.C. § 112. Presently before the Court are Motions for Summary Judgment by the Round 3 Defendants and the Satellite Defendants[4] on the ground that the patent claims being asserted against them, respectively, are invalid under 35 U.S.C. § 112. Based on a stipulation of the parties, the Court finds it appropriate to take the Motions under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS the Motions for Summary Judgment.

## II. BACKGROUND

### A. Patents-in-Suit

In over twenty separately filed actions in multiple districts, initially Acacia alleged that various Defendants were infringing the following United States Patents:

Claims 1-24, 41-49, and 51-53 of the 5,132,992 Patent ("'992 Patent");

Claims 14-19 of the 5,550,863 Patent ("'863 Patent");

Claims 1-42 of the 6,144,702 Patent ("'702 Patent");

Claims 4, 6-8 and 11 of the 6,002,720 Patent ("'720 Patent"); and

Claims 2 and 5 of the 5,253,275 Patent ("'275 Patent").

On July 12, 2004, this Court issued its First Claim Construction Order in Case No. C 02-01040 JW (MLGx). (hereafter, "First CCO.") On February 24, 2005, the Judicial Panel on Multidistrict Litigation ("MDL Panel") ordered the transfer of the multiple lawsuits to this Court for

---

[2] Acacia currently asserts the following claims against the Satellite Defendants: Claims 41 and 45 of the '992 Patent; Claims 17-19 of the '863 Patent; and Claim 11 of the '720 Patent.

[3] Acacia currently asserts the following claims against the Round 3 Defendants: Claims 41, 45-46 of the '992 Patent; Claims 17-19 of the '863 Patent; and Claims 1-42 of the '702 Patent.

[4] (hereafter, "Round 3 Defendants' Motion," Docket Item No. 292; hereafter, "Satellite Defendants' Motion," Docket Item No. 297; see also Joinders in Motions by other Defendants, Docket Item Nos. 291, 295, 296, 300, 301, 302, 303.)

further proceedings under the MDL Rules.[5] In re Acacia Media Techs. Patent Litig., 360 F. Supp. 2d 1377 (J.P.M.L. 2005).[6]

Following the transfer, in due course, the Court issued five additional Claim Construction Orders.[7] During the course of the claim construction proceedings, Acacia withdrew some of its claims.[8] At present, the following claims remain at issue:

Claims 41, 45, and 46 of the '992 patent;

Claims 17-19 of the '863 patent;

Claim 11 of the '720 patent; and

Claims 1-42 of the '702 patent.

(See Declaration of David Benyacar in Support of Round 3 Defendants' Motions for Summary Judgment of Invalidity, Ex. B, hereafter, "Benyacar Decl.," Docket Item No. 293; Stipulated Covenants Not to Sue, Docket Item Nos. 285-86.)

**B.  Claim Construction**

In its Second Claim Construction Order, issued on December 7, 2005, the Court concluded that the phrases "sequence encoder" and "identification encoder," as used in the '702 Patent, were indefinite and rendered Claims 1, 17, 27, and 32 of the '702 Patent invalid. (See Second CCO at

---

[5] These actions were pending in the Central and Northern Districts of California, the District of Minnesota, the District of Arizona, and the Northern District of Ohio.

[6] On February 23, 2006, the MDL Panel consolidated with this action two additional actions pending in the Southern and Eastern Districts of New York. (Docket Item No. 140.)

[7] In its Third Claim Construction Order, issued on December 14, 2006, the Court construed words and phrases used in the '992 and '275 Patents. (hereafter, "Third CCO," Docket Item No. 216.) On March 2, 2007, the Court issued its Fourth Claim Construction Order, in which it construed words and phrases used in the '863 and '720 Patents. (hereafter, "Fourth CCO," Docket Item No. 220.) On October 19, 2007, the Court issued its Fifth Claim Construction Order, in which it reconsidered its construction of several previously construed terms in the '992 Patent. (hereafter, "Fifth CCO," Docket Item No. 259.) Finally, on February 13, 2008, the Court issued its Sixth Claim Construction Order, in which it construed words and phrases used in Claims 19, 41 and related dependent claims of the '992 Patent. (hereafter, "Sixth CCO," Docket Item No. 266.)

[8] On August 6, 2004, Claims 1-18 of the '992 Patent were voluntarily withdrawn by Acacia. (See Docket Item No. 177.) On December 19, 2007, pursuant to a Stipulation of the parties, Claims 23, 24, 47-49 and 51-53 of the '992 Patent were also withdrawn. (See Docket Item No. 265.)

3

18.) Believing that the Court's constructions were fatal to its entire case, on June 17, 2008, Acacia filed a Motion for Summary Judgment of Invalidity against itself. (See Docket Item No. 287.) Acacia contended that, in light of the Court's conclusion, all of the remaining claims were invalid as a matter of law.

At a hearing on Acacia's motion, Acacia's counsel explained that he was seeking summary judgment against his client in order to facilitate an appeal and a consequent *de novo* review of the indefiniteness ruling by the Federal Circuit. In response to Acacia's unusual motion, Defendants indicated that they desired to move for summary judgment that the patents were invalid for indefiniteness, but also wanted to move for summary judgment on other grounds as well.

During the hearing, the Court expressed doubt that Acacia could appeal a judgment granting a motion by Acacia. The Court decided to give Defendants an opportunity to move for summary judgment. Therefore, on October 30, 2008, the Court denied Acacia's Motion for Summary Judgment and invited all parties to file any case dispositive motions. (See Docket Item No. 318.)

On July 11, 2009, the Round 3 Defendants and the Satellite Defendants moved for summary judgment that each of the patent claims in suit is invalid under 35 U.S.C. § 112, citing as grounds: indefiniteness, lack of enablement, and lack of adequate written description. In response to the defense motions, Acacia agreed that there is no issue of fact or law that the asserted claims are indeed indefinite based on the Court's constructions and therefore, the asserted claims are invalid as a matter of law:

> The parties agree that all of the asserted claims are indefinite, based on the Court's prior holdings that: (1) the terms "identification encoder" and "sequence encoder" are indefinite; (2) the term "transmission system" requires an "identification encoder"; and (3) the term "central processing location" requires a "transmission system." Each asserted claim contains one or more of these terms.[9] Although the Court denied Acacia's Motion for Summary Judgment seeking entry of a judgment that the asserted claims are invalid, there is no issue of fact or law that the asserted claims are indeed indefinite based on the Court's constructions and therefore the asserted claims are invalid as a matter of law for that reason.

---

[9] (See Acacia's Motions for Summary Judgment, Docket Item Nos. 287-289; Round 3 Defendants' Motion at 54.)

4

1  (Plaintiff Acacia Media Technologies Corporation's Memorandum of Points and Authorities in
2  Opposition at 4, n. 2, Docket Item No. 323.)

3  Although stipulating that under the Court's constructions the claims are indefinite, Acacia
4  contended, however, that it would be improper for the Court to reach the other grounds. Therefore,
5  presently before the Court are uncontested motions for summary judgment on the ground that the
6  patents-in-suit are indefinite and contested motions for summary judgment on the grounds of
7  enablement and written description.

## III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion. . . ." Id. at 323. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party "may not reply merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or

1  contextual facts, are such that a reasonable jury might return a verdict for the non-moving party.
2  T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case,
3  summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of
4  fact could not find for the non-moving party based on the record as a whole, there is no "genuine
5  issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

6  Generally, an issued patent enjoys a presumption of validity that can be overcome only by
7  clear and convincing evidence of invalidity. U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554,
8  1563 (Fed. Cir. 1997). Thus, a party seeking to invalidate a patent by a motion for summary
9  judgment must submit clear, convincing and undisputed evidence of invalidity. Eli Lilly & Co. v.
10 Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001).

## IV. DISCUSSION

### A. Indefiniteness

The Court first considers whether it is appropriate to accept the parties' stipulation that the Court's claim constructions render Acacia's asserted claims indefinite, and therefore, invalid.

Under 35 U.S.C. § 112, a patent applicant is required to "particularly point[] out and distinctly claim[] the subject matter the applicant regards as his invention." Thus, a claim is indefinite if, when read in light of the specification, it does not reasonably apprise those skilled in the art of the scope of the invention. Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1342 (Fed. Cir. 2003). Indefinite claims are invalid as a matter of law. See Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc., 412 F.3d 1291, 1303 (Fed. Cir. 2005). A patent claim may be held indefinite only when the court finds that it has been shown by clear and convincing evidence that a person of ordinary skill in the art, based on the intrinsic evidence and the skilled artisan's own knowledge could not determine the bounds of the claim, rendering it insolubly ambiguous. Halliburton Energy Servs., Inc. v. M-I LLC, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008). Under this standard, a claim may be held indefinite if it contains an essential limitation that a person of ordinary skill in the art cannot translate into meaningfully precise claim scope. Id.

6

In this case, each of the patent claims in-suit recite "transmission system" or "central processing location" as an essential limitation. In its Sixth Claim Construction Order, the Court construed the term "transmission system" to mean "the configurable, interconnected, assemblage of components labeled and described in the specification [of all the asserted patents] as 'transmission system 100,' a detailed block diagram of which is shown in Figures 2a and 2b." (Sixth CCO at 11.) Under this definition, one of the essential components of the "transmission system" of the invention is "identification encoding process 112." In the written description, the inventors specify that the functions of the identification encoding process "must be" performed by "identification encoder 112." (See e.g., '992 Patent, Col. 6:35-46.) Since some of the claims expressly recite the "identification encoder" as a limitation, that phrase came before the Court for construction. In its Second Claim Construction Order the Court held that the phrases "identification encoder" and "sequence encoder," which appear in Claims 1, 17 and 27 of the '702 Patent, are ambiguous and indefinite. (Second CCO at 18.) Thus, Defendants contend that summary judgment is warranted because under the Court's construction, each of the claims in-suit that recites "transmission system" as a limitation is indefinite because an essential component of "transmission system" is indefinite. Similarly, Claim 11 of the '720 Patent requires a "central processing location" as an essential limitation. However, the Court has construed "central processing location" to mean a "transmission system." (Fourth CCO at 6.) Thus, Defendants contend that Claim 11 of the '720 Patent suffers from the same lack of precision.

Although Acacia has submitted addition declarations and has asked the Court to modify its claim constructions, Acacia agrees that, on the basis of the Court's claim construction rulings, each of the asserted claims is invalid as a matter of law. The Court is not persuaded to modify its claim constructions. Based on its constructions and the stipulation of Acacia, the Court finds that each asserted claim is invalid for indefiniteness.

Accordingly, the Court GRANTS Defendants' Motions for Summary Judgment that Claims 41, 45, and 46 of the '992 Patent; Claims 17-19 of the '863 Patent; Claim 11 of the '720 Patent; and Claims 1-42 of the '702 Patent are invalid.

**B.** **Alternative Grounds**

As alternative grounds for summary judgment, Defendants contend that based on the Court's construction each of the asserted claims is invalid for lack of enablement and on the separate ground that the claims lack adequate written description.

Title 35 U.S.C. § 111 provides that an application for a patent must include a "specification," which complies with the requirement of § 112. Section 112 requires, *inter alia*, the specification to conclude with the recitation of one or more claims:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

35 U.S.C. § 112, ¶ 2. In addition, § 112 requires that the specification: must contain a "written description" of the invention and enables a person of skill in the art to make and use the invention; and if the inventor contemplates one, set forth the best mode for carrying out the invention:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

35 U.S.C. § 112, ¶ 1; see Univ. of Rochester v. G.D. Searle & Co., 358 F.3d 916 (Fed. Cir. 2004).

The issue of whether a specification complies with these requirements is primarily factual. Union Oil v. Atl. Richfield Co., 208 F.3d 989, 996 (Fed. Cir. 2000). However, what constitutes an enabling and otherwise adequate written description depends on what, as a matter of law, the court determines is recited in the patent claim. Lizardtech Inc. v. Earth Resource Mapping, Inc., 433 F.3d 1373 (Fed. Cir. 2006). In other words, the factual inquiry cannot begin until the claim is properly construed. See id.

Here, since the Court has found that the asserted patent claims are invalid because they lack an ascertainable scope, there is no definition on which the Court can base an assessment of the adequacy of the written description.[10] Accordingly, the Court denies Defendants' alternative grounds for summary judgment as moot.

### V. CONCLUSION

The Court GRANTS Defendants' Motions for Summary Judgment. Judgment shall be entered accordingly.

Dated: October 23, 2009

JAMES WARE
United States District Judge

---

[10] Similarly, since the claims at issue are invalid for indefiniteness, the Court should not delve into questions of infringement because "[o]ne cannot logically determine whether an accused product comes within the bounds of a claim of unascertainable scope." Amgen, 314 F.3d at 1342.

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam R. Alper aalper@kirkland.com
Alan P. Block blocka@hbdlawyers.com
Albert L. Underhill aunderhill@swlaw.com
Annamarie A. Daley aadaley@rkmc.com
Asim M. Bhansali amb@kvn.com
Benjamin Hershkowitz bhershkowitz@gibsondunn.com
Bobby T. Shih bshih@mount.com
Bradford P. Lyerla blyerla@marshallip.com
Bryant Carroll Boren bryant.c.boren@bakerbotts.com
Christopher Scott Marchese marchese@fr.com
Christopher W Kennerly chris.kennerly@bakerbotts.com
Daniel Reisner dreisner@kayescholer.com
Daniel E. Jackson djackson@kvn.com
Daralyn J. Durie ddurie@durietangri.com
David Benyacar dbenyacar@kayescholer.com
David A. York david.york@lw.com
David Jason Silbert djs@kvn.com
David Michael Hymas dhymas@mofo.com
David P. Pearson dpearson@winthrop.com
Emmett J. McMahon ejmcmahon@rkmc.com
Harold J. McElhinny HmcElhinny@mofo.com
J. Timothy Nardell tim@jtnlaw.com
James Michael Slominski jslominski@hh.com
Jason A. Crotty jcrotty@mofo.com
Jeffrey D. Sullivan jeffrey.sullivan@bakerbotts.com
Jeffrey H. Dean jdean@marshallip.com
John C. Englander jenglander@goodwinprocter.com
Jon-Thomas Bloch jbloch@marshallip.com
Jonathan Elliot Singer singer@fr.com
Juanita R. Brooks brooks@fr.com
Kevin D. Hogg khogg@marshallip.com
Kevin G. McBride kgmcbride@jonesday.com
Kevin I. Shenkman shenkmank@hbdlawyers.com
Maria Kara Nelson mknelson@jonesday.com
Marsha Ellen Mullin memullin@jonesday.com
Matthew Ian Kreeger mkreeger@mofo.com
Michael J. McNamara michael.mcnamara@bakerbotts.com
Mitchell D. Lukin mitch.lukin@bakerbotts.com
Morgan William Tovey morgantovey@quinnemanuel.com
Patrick J. Whalen pwhalen@spencerfane.com
Paul A. Friedman pafriedman@mofo.com
Rachel Krevans rkrevans@mofo.com
Richard R. Patch rrp@cpdb.com
Robert Donald Carroll rcarroll@goodwinprocter.com
Roderick G. Dorman dormanr@hbdlawyers.com
Sean David Garrison sgarrison@lrlaw.com
Stephen E. Taylor staylor@tcolaw.com
Stephen P. Safranski spsafranski@rkmc.com
Todd Glen Miller miller@fr.com
Todd R. Tucker ttucker@rennerotto.com

Victor de Gyarfas vdegyarfas@foley.com
Victor George Savikas vgsavikas@jonesday.com
William Joseph Robinson wrobinson@foley.com
William R. Overend woverend@reedsmith.com
William R. Woodford woodford@fr.com

**Dated:  October 23, 2009**                          **Richard W. Wieking, Clerk**

                                                      **By:  /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**